UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Harold Bennie Kaeding,<br><br>  Defendant. | Criminal No. 21-cr-0169 (ECT/HB)<br><br>**ARRAIGNMENT ORDER** |

An arraignment hearing was held before the Honorable Tony N. Leung on January 7, 2022. Defendant was present in court with his attorney, Lee R. Johnson, Esq. The government was represented by Jordan L. Sing, Assistant United States Attorney. Defendant was advised of his right to an in-person hearing and consented to the hearing proceeding by video.

Defendant identified himself by name and age; waived the reading of the indictment; and entered a plea of not guilty.

**Pursuant to Local Rule 12.1 (copy attached), IT IS HEREBY ORDERED** that:

1. The government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **January 14, 2022**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the government is requested to make

by **January 14, 2022**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

2.      Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence, that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so.  Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

3.      Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **January 21, 2022**.  D. Minn. LR 12.1(a)(2).

4.      All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **January 28, 2022**.[1] D. Minn. LR 12.1(c)(1).

5.      **Counsel must electronically file a letter on or before January 28, 2022, if no motions will be filed and there is no need for hearing**.

6.      Defendant must file a consent that any evidentiary hearing on the motions may proceed by video means, or a notice that Defendant does not so consent, as soon as

---

[1]   "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party.  The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).

2

practicable, but in any event no later than **January 28, 2022**. Any delay in filing the notice regarding consent could result in a postponement of the hearing.

    7.    All responses to motions and any Notice of Intent to Call Witnesses[2] must be filed by **February 11, 2022**. D. Minn. LR 12.1(c)(2); D. Minn. LR. 12.1(c)(3)(A).

    8.    Any Responsive Notice of Intent to Call Witnesses[3] must be filed by **February 14, 2022**. D. Minn. LR 12.1(c)(3)(B).

    9.    A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a.    The government makes timely disclosures and Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b.    Oral argument is requested by either party in its motion, objection or response.

    10.    If required and if Defendant consents to proceed by video means, the motions hearing will be conducted before Magistrate Judge Hildy Bowbeer on **February 24, 2022**, at **9:00 a.m.**, by ZOOMGOV video technology. If Defendant declines to proceed by video technology and if as a result it becomes necessary to reschedule the

---

[2] "When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim. P. 12(b), the party must file a notice within 35 days after the arraignment. The notice must identify the number of witnesses whom the party intends to call, the motion or motions that each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(A).

[3] "If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment. The responsive party must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(B).

hearing in order to hold it in person, the parties will be provided with a hearing date and time by separate order. D. Minn. LR 12.1(d).]

11. **TRIAL-RELATED DATES**

　　a. **IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT**,

　　　　i. Counsel should submit two hard copies of trial briefs, voir dire, proposed jury instructions, exhibit and witness lists, and trial-related motions (including motions in limine) to District Judge Eric C. Tostrud's chambers on or before **February 28, 2022**. In addition, counsel should email the proposed jury instructions and exhibit and witness lists to tostrud_chambers@mnd.uscourts.gov

　　　　ii. Judge Tostrud will hold a final pretrial conference on **March 11, 2022 at 9:00 a.m.** in Courtroom 3B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

　　　　iii. Trial will commence before District Judge Eric C. Tostrud on **March 14, 2022 at 1:00 p.m.** in Courtroom 3B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

　　b. **IF PRETRIAL MOTIONS ARE FILED**, the trial date and other related dates will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Eric C. Tostrud to confirm the new trial date.

Dated:  January 10, 2022　　　　　　　s/*Hildy Bowbeer*
　　　　　　　　　　　　　　　　　　HILDY BOWBEER
　　　　　　　　　　　　　　　　　　United States Magistrate Judge