UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-169 (ECT/HB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAROLD BENNIE KAEDING,

    Defendant.

**AMENDED ORDER REGARDING DETENTION PLACEMENT**

This matter came before the Court for status conferences on June 1, 2022, and June 3, 2022, to discuss the interplay of Defendant Harold Bennie Kaeding's pretrial detention at Sherburne County Jail (SCJ) and the treatment of his related medical conditions. Based on the current record, the Court orders the United States Marshal Service and the Bureau of Prisons to take all available action to assess the feasibility of placing Kaeding in a BOP medical facility for the duration of his pretrial detention or until it is medically determined that such level of care is no longer needed.

## BACKGROUND

1. On August 4, 2021, a grand jury charged Kaeding with wire fraud and money laundering for allegedly applying for numerous COVID-19 relief loans he was not entitled to receive. (Dkt 1.)

2. On January 8, 2022, the Court ordered Kaeding detained pending trial because he posed a significant risk of nonappearance. (Dkts. 23, 28.) As detailed in the Court's detention order, Kaeding required involuntary deportation from Colombia to face

the charges in this matter. (Dkt. 28 at ¶¶ 4-9.) Kaeding has been detained at SCJ since that time.

3. At the June 1 and June 3, 2022 status conferences, defense counsel advised that SCJ has sent Kaeding to area hospitals on numerous occasions to receive medical treatment. Although Kaeding has been discharged back to SCJ, defense counsel advised that—according to SCJ—Kaeding's current medical requirements are straining the medical resources at SCJ.

4. The government indicated its desire to ensure that Kaeding's medical needs are fully and adequately addressed. The government is concerned, however, that SCJ also has indicated Kaeding's unwillingness to cooperate with his own medical care and treatment. Accordingly, the government is concerned that Kaeding is malingering to secure his release from pretrial detention.

5. The Government represented that it may be possible for Kaeding to be placed at a facility operated by the Bureau of Prisons which would have greater capacity than SCJ to simultaneously provide for Kaeding's medical needs while facilitating his pretrial detention, but that a court order would be needed before such placement could be fully explored.

**ORDER**

6. The United States Marshal Service must take all possible action as quickly as possible to explore options for Defendant Harold Bennie Kaeding's placement at a suitable facility operated by the Bureau of Prisons.

7.  The Bureau of Prisons is requested to take all possible action as quickly as possible to identify a suitable facility that can provide for Kaeding's medical needs while ensuring his continued pretrial detention.

8.  The United States Marshal Service shall promptly update the Assistant US Attorney on this case of any developments, and the Assistant US Attorney shall promptly update the Court and defense counsel as to such developments.  For the avoidance of doubt, if a potentially suitable facility is identified, Kaeding shall not be moved to such facility without giving Kaeding, through counsel, an opportunity to be heard.

9.  All other provisions of the Court's January 11, 2022 Order of Detention remain in full force and effect.

Dated:  June 8, 2022    s/*Hildy Bowbeer*
  HILDY BOWBEER
  United States Magistrate Judge