UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 21-cr-169 (ECT/JFD) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Harold Bennie Kaeding, | |
| Defendant. | |

---

Defendant Harold Bennie Kaeding, currently detained and indicted on charges of wire fraud, aggravated identity theft, and money laundering, moved to reopen his detention hearing, requesting that he be moved to a community-based assisted-living facility in Brooklyn Park, Minnesota. ECF No. 111. After a hearing, Magistrate Judge John F. Docherty denied Kaeding's motion. *See* ECF Nos. 118, 154. Kaeding now objects to that order, ECF No. 158, and the Government has filed a response in opposition, ECF No. 162.

Although Kaeding filed his objection under Local Rule 72.2—the rule that normally governs the review of pretrial rulings by magistrate judges—it is more properly considered a "motion for revocation or amendment" of the detention order under 18 U.S.C. § 3145(b). *See United States v. Perez*, No. 19-cr-259(1) (PJS/ECW), 2019 WL 5561417, at *1 (D. Minn. Oct. 29, 2019); *see also United States v. Goree*, No. 19-cr-266(1) (NEB/KMM), 2020 WL 490995, at *2 (D. Minn. Jan. 30, 2020) (questioning whether Local Rule 72.2 applies to such motions). The detention order will be reviewed de novo, *see Goree*, 2020 WL 490995, at *3, and for the reasons that follow, Kaeding's motion will be denied.

I

As noted, Kaeding has been indicted on three counts of wire fraud, *see* 18 U.S.C. § 1343, three counts of aggravated identity theft, *see id*. § 1028A(a)(1), and one count of money laundering, *see id*. § 1957.  Superseding Indictment [ECF No. 105] ¶¶ 24–27.  The basic allegations are that he fraudulently obtained loans under the federal Paycheck Protection Program ("PPP"), a source of "emergency financial assistance" for small businesses affected by the COVID-19 pandemic, and from Economic Injury Disaster Loans ("EIDL"), "a separate loan mechanism for economic relief" also sponsored by the federal Small Business Administration.  *Id*. ¶¶ 8–14.

Kaeding's apprehension and detention have been the subject of extensive litigation, and though familiarity with prior orders is presumed, a brief background is worth repeating. In January 2021, the Government seized money from Kaeding's bank accounts and executed a search warrant at Kaeding's residence related to an alleged scheme involving COVID-19 relief loans.  *See* ECF No. 28 ¶¶ 1–2.  In May 2021, Kaeding ended pre-indictment negotiations with the Government to resolve the potential case against him, after which he left the United States and traveled to Colombia using a U.S. Passport in the name of "Benjamin Kaeding."  *Id*. ¶ 4.  After Kaeding failed to return to the United States on his round-trip ticket and the Government's attempts to negotiate his voluntary return were unsuccessful, the Government began the process of deporting or extraditing Kaeding from Colombia.  *Id*. ¶ 5.  Meanwhile, while Kaeding was still in Colombia, a grand jury indicted Kaeding for one count of wire fraud, *see* 18 U.S.C. § 1343, and one count of money laundering, *see* 18 U.S.C. § 1957.  ECF No. 1.

Once he returned from Colombia, Kaeding was ordered detained. ECF Nos. 23, 28. Kaeding subsequently sought reconsideration of his detention order, ECF No. 111, and the Government opposed his release, ECF No. 114. After a hearing, Magistrate Judge Docherty denied Kaeding's request for reconsideration. *See* ECF Nos. 118, 154. Magistrate Judge Docherty concluded that there was no condition or combination of conditions short of detention that would reasonably assure Mr. Kaeding's appearance for court when required, nor were there conditions that would reasonably assure the financial safety of other persons and the community. ECF No. 154 at 11–12. Magistrate Judge Docherty specifically cited Kaeding's "refusal to cooperate with Colombian authorities, attempts to obstruct his return to the United States, use of a passport with a name similar, but not equivalent to, his own, and [Kaeding's] false claim that he had vacated the Barranquilla [Colombia] apartment to meet his wife, when, it turned out, his wife never left the United States." *Id*. at 11 n.2. In addition, Magistrate Judge Docherty pointed to the alleged "financial frauds perpetrated by [Kaeding] that placed the community at economic danger." *Id*. at 13.

In the present motion, brought as an objection to Magistrate Judge Docherty's order, Kaeding requests that Magistrate Judge Docherty's order "be revisited with a [sic] new conditions of release." ECF No. 158 at 8. Kaeding argues that "[a]lmost 100% of what the Government stated in it's [sic] Motion to Detain (Dkt. 17) and the testimony given at the January 2022 Hearing was FALSE OR MISLEADING," and that this flawed information is being "carried over and impacting the current Order." *Id*. at 1. Kaeding challenges the Government's factual representations made in favor of detention and argues

3

that Magistrate Judge Docherty's expressed concerns regarding Mr. Kaeding's flight risk and the safety of the community could have been addressed with conditions of release. *See id*.

II

Under 18 U.S.C. § 3142, a court may only order a defendant detained pending trial if the court finds that no release condition or set of conditions will reasonably assure: (1) the defendant's appearance in court and (2) the safety of the community. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (citing 18 U.S.C. § 3142(c), (e), and (f), and *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)). Different evidentiary standards apply to these findings. The Government need only show by a preponderance of the evidence that no conditions will reasonably ensure the defendant's appearance at future proceedings, but it must show by clear and convincing evidence that no conditions will reasonably assure the safety of the community. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The statute provides a list of factors to consider when deciding whether the Government has met these burdens: "(1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual." *Id*.; *see* 18 U.S.C. § 3142(g).

Magistrate Judge Docherty correctly concluded that Kaeding is a flight risk. The nature of the allegations against Kaeding—involving an alleged months-long scheme to defraud federal government programs—alone is cause for concern. But even more

4

concerning are Kaeding's efforts to avoid apprehension. Kaeding fled to Colombia after ending pre-indictment negotiations to resolve his case, and he did not return to the United States on his return flight. ECF No. 154 at 4. Kaeding does not dispute that when a search of his residence took place in January 2021, the Government discovered $90,000 in cash, along with false identification in the name of "Benjamin Michael Strand."[1] *Id*. Kaeding refused to return from Colombia to the United States voluntarily, and when Colombian authorities located Kaeding at his wife's residence in Barranquilla, Kaeding refused to open the door. *Id*. at 5. Two days later, when Colombian authorities attempted to execute a search warrant, the residence was empty. *Id*. Ultimately, Colombian authorities located Kaeding after he sought medical assistance for what Kaeding claimed was a heart attack necessitating surgery, but his medical records do not support that diagnosis. *Id*. Kaeding does not dispute that once he was released to the custody of Colombian immigration for deportation, he refused to surrender his passport, and that he refused to be photographed for the emergency passport issued by the State Department to allow for his return. *Id*. Under these circumstances, Magistrate Judge Docherty correctly concluded that Kaeding "can, with access to the internet and bank accounts, arrange to flee and not appear for Court." *Id.* at 11. Accordingly, the Government has shown by a preponderance of the

---

[1] Kaeding takes issue with Magistrate Judge Docherty's reference to the seizure of Kaeding's "expired U.S. Passport." ECF No. 158 at 2; *see also* ECF No. 154 at 4. This statement has been corrected in the record, *see* ECF Nos. 29, 162 at 2, and it has no bearing on other uncontested facts, including that a large amount of cash and other forms of false identification were found at Kaeding's residence during the warranted search.

5

evidence that no set of conditions will reasonably assure Kaeding's appearance at future proceedings.

Magistrate Judge Docherty also correctly concluded there is clear and convincing evidence that no set of conditions would reasonably assure the safety of the community if Kaeding is released, because Kaeding's alleged financial frauds place the community at economic danger. *Id.* at 12–13. Though the Government initially did not argue danger to the community as a basis for Kaeding's detention, the Government states here that approximately $230,000 from Kaeding's alleged criminal behavior remains unlocated, and coupled with Kaeding's "ongoing penchant for fraud," this poses a risk to the community if he is released. ECF No. 162 at 4–5. Kaeding does not challenge the risk posed to the community per se. Rather, he argues that appropriate conditions of release can address any concerns about his danger to the community. ECF No. 158 at 1, 7–8. Kaeding's argument is unavailing. Magistrate Judge Docherty has gone to great lengths to find a suitable placement for Kaeding, ECF No. 154 at 6–10, and considering Kaeding's medical situation, the need to restrict his access to funds and the internet, and his risk of flight, there are no conditions of release short of detention that can assure the safety of the community.

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Defendant Harold Bennie Kaeding's objection to Magistrate Judge John F. Docherty's Order denying Kaeding's motion to reopen detention [ECF No. 158], construed as a motion to revoke or amend the detention order, is **DENIED**.

2. Kaeding shall be **DETAINED** pending trial under 18 U.S.C. § 3142(e).

3. Kaeding is committed to the custody of the Attorney General.

4. Kaeding shall be afforded reasonable opportunity to consult privately with his standby counsel.

5. The Attorney General shall deliver Kaeding to the United States Marshal for the purpose of appearance in connection with future court proceedings.

Date: November 13, 2023        s/ Eric C. Tostrud
                               Eric C. Tostrud
                               United States District Court