UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Harold Bennie Kaeding,<br><br>　　　　　Defendant. | Case. No. 21-CR-169 (ECT/JFD)<br><br>**ORDER DENYING MOTION FOR FURLOUGH** |

　　　This case is before the Court on pro se Defendant Harold Bennie Kaeding's Motion for Furlough for Medical Care. (Dkt. No. 167.) The motion is denied because Mr. Kaeding has not demonstrated a compelling reason to justify his temporary release from pretrial detention. Specifically, he has not provided any evidence that he needs the treatment, or that such treatment is unavailable to him at the Federal Medical Center in Rochester, MN ("FMC-Rochester").

　　　Mr. Kaeding, a pretrial detainee currently housed at FMC-Rochester, filed a motion for a furlough to see a specialist in Chaska, MN to treat his spinal stenosis. (Def.'s Mot. 1, Dkt. No. 167.) He states that he needs at least four trips for medical care: an initial visit to his specialist, an appointment for an MRI in a specialized machine that can accommodate someone with morbid obesity, a hospitalization for a "procedure or surgery," and any follow up visits that may be necessary. (*Id.* at 4.) Mr. Kaeding asks permission to be with his wife and children during his "hospital visits and his recovery times." (*Id.*)

1

The Court may release a pretrial detainee temporarily if it is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); *see, e.g.*, *United States v. Parton*, No. 3:21-CR-107-KAC-JEM-1, 2023 WL 2957803, at *1 (E.D. Tenn. Apr. 14, 2023) (adopting recommendation denying medical furlough because defendant failed to show a compelling reason, as well as his flight risk and danger to the community). In determining whether the defendant has met his burden of showing a compelling reason for temporary release, courts may consider whether the medical needs are being adequately addressed in the defendant's current placement, as well its prior findings on the question of detention. *See United States v. Pritchett*, No. CR 19-280, 2020 WL 1640280, at *3 (W.D. Pa. Apr. 2, 2020) ("Additionally, there is no indication that, to the extent Defendant has medical needs, those needs are not being addressed at the ACJ."); *United States v. Vance*, No. 2:05-CR-43, 2007 WL 9747294, at *1 (N.D.W. Va. Feb. 23, 2007) (considering prior detention rulings when evaluating a request for medical furlough).

While the Court is aware that Mr. Kaeding has been diagnosed with spinal stenosis from a review of records submitted by Mr. Kaeding's former counsel last year, it does not find compelling reasons to grant him a furlough. Mr. Kaeding has not provided any documentation from a physician indicating the need for this surgery, nor has he submitted anything to the Court beyond his own unsworn statement that the surgery will require four visits. More importantly, Mr. Kaeding has been placed at FMC-Rochester as a pretrial detainee precisely because the Court could foresee that Mr. Kaeding might need medical care. Why FMC-Rochester, a tertiary care facility within the Bureau of Prisons' medical hierarchy, cannot provide surgery if it is medically necessary, is also something Mr.

Kaeding does not explain. In sum, Mr. Kaeding has neither produced documentary evidence that his spinal stenosis needs more aggressive treatment nor explained why FMC-Rochester is incapable of providing such treatment. The Court has reason to be skeptical of Mr. Kaeding's unsupported claims; this is not the first time he has represented that he needs surgery. (*See* Order 5, Dkt. No. 154 (recalling how Mr. Kaeding claimed he suffered a heart attack in Colombia and needed surgery but was admitted to the hospital only for high blood pressure and never had surgery), *objections overruled by* Dkt. No. 166.)

Without any competent proof that Mr. Kaeding (a) needs this medical care and (b) cannot receive it at FMC-Rochester, the Court will not grant Mr. Kaeding a furlough. He is charged with three counts of wire fraud, three counts of aggravated identity theft, and one count of money laundering and is alleged to have used the identities of his family members to perpetrate the frauds. (*Id.*) As this Court has previously stated, Mr. Kaeding remains a flight risk and poses "a serious risk of risk of obstruction of justice and financial danger to the community." (Order 2.) The Court will not risk the possibility of obstruction of justice or flight without compelling evidence. Mr. Kaeding has provided no evidence at all,[1] and therefore the motion is denied.

---

[1] Mr. Kaeding states in a footnote to his motion that "[t]he name and address of the [d]octor as well as any specific medical information will be provided to the Court upon request if is agreed that this information will be treated as **SEALED** information." (Def.'s Mot. 1 n.1.) Mr. Kaeding is proceeding pro se after discharging his court-appointed counsel. (*See* Order Granting Mot. to Withdraw as Counsel 1, Dkt. No. 147.) It is up to Mr. Kaeding to submit what evidence he thinks is appropriate to support his motion and to comply with any rules applicable to the sealing of documents in criminal cases. *See* D. Minn. LR 49.1(d).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Mr. Kaeding's Motion for Furlough for Medical Care is **DENIED** without prejudice.

Date: November 29, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge