## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case. No. 21-CR-169 (ECT/JFD) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REOPEN MOTION HEARING** |
| Harold Bennie Kaeding, | |
| Defendant. | |

This case is before the Court on pro se Defendant Harold Bennie Kaeding's Motion to Reopen Motion Hearing. (Dkt. No. 181.) The motion is denied.

Mr. Kaeding is awaiting trial on charges of wire fraud, aggravated identity theft, and money laundering for allegedly submitting fraudulent applications for COVID-19 relief loans he was not entitled to receive. (*See* Superseding Indictment 8–11, Dkt. No. 105.) Mr. Kaeding filed several pretrial motions in October 2022 (Dkt. Nos. 65–68, 70–74, 77–78), which the parties argued in August 2023 (Hr'g Mins., Dkt. No. 146). The Court ruled on all but three motions to suppress evidence. (Dkt. Nos. 74, 77, 78.) Mr. Kaeding sought multiple extensions of time to object to the undersigned's Report and Recommendation (Dkt. No. 171) on the remaining motions. (Mot. for Extension of Time to File Objs. to the R&R, Dkt. No. 173; Second Mot. for Extension of Time to File Objs. to the R&R, Dkt. No. 177.) Mr. Kaeding received one extension; his objections were due on January 15, 2024. (Order, Dkt. No. 174.) The district judge in this case, the Hon. Eric C. Tostrud, has made clear that "materials filed after the entry" of his January 30th Order denying a second

1

extension "will not be considered in reviewing the Report and Recommendation." (Order 3 n.1, Dkt. No. 180.)

Undeterred, Mr. Kaeding filed an objection to the Report and Recommendation today. (Dkt. No. 182.) Perhaps realizing that Judge Tostrud would not consider his tardy objection, Mr. Kaeding also filed a motion to reopen dispositive motion practice. (Mot. to Reopen Mot. Hr'g, Dkt. No. 181.) He seeks to suppress all the evidence that he has not yet inspected, potentially provide notice that he will rely on the affirmative defense of public authority, and make additional motions after reviewing all the discovery, including motions to suppress on constitutional or privilege grounds. (*Id.* at 1.) He also seeks leave to file additional motions that he has developed during his "months of research," though he "does not remember what these are but will identify them when he gains access to his computers and files." (*Id.* at 2.) His justification for reopening motions practice is that he has not yet received the discovery which the undersigned ordered the United States to disclose to him.[1] (*Id.* at 2–3 (citing Sealed Order, Dkt. No. 175, a redacted version of which is docketed at Dkt. No. 176).)

"The Court exercises discretion when considering a request to reopen a suppression hearing." *United States v. Jones*, No. 21-CR-187 (ECT/LIB), 2022 WL 4396464, at *2 (D. Minn. Sept. 23, 2022) (citing *United States v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008)). Mr. Kaeding argues that the Eighth Circuit has not decided whether the proponent

---

[1] The Court presumes that discovery is en route to Mr. Kaeding, per this Court's prior order. If that presumption is incorrect, the United States is expected to correct it by providing an emailed update to the Court immediately, cc'ing Mr. Kaeding's standby counsel, explaining where the discovery is and explaining the delayed delivery.

of reopening a motion hearing must provide justification for failing to present evidence in the first proceeding, or whether no justification is required so long as the new evidence was lawfully obtained. *United States v. Laws*, 819 F.3d 388, 396 (8th Cir. 2016). But neither test applies here because Mr. Kaeding has pointed to *no new evidence* that justifies reopening the proceedings; he simply wishes to make new legal arguments. He wants, essentially, a do-over.

Mr. Kaeding filed several motions in October 2022.[2] At the time he filed his motions, Mr. Kaeding was represented by two experienced criminal defense attorneys who had access to discovery in this case. The Court granted five extensions so that counsel could consult with Mr. Kaeding about the motions. (Dkt. Nos. 34, 37, 43, 53, 59.) The undersigned's Report and Recommendation on those motions is now pending before Judge Tostrud. The fact that Mr. Kaeding does not presently have access to printed discovery does not change the fact that he had the opportunity—through counsel—to review evidence and raise arguments in favor of suppression. If Mr. Kaeding believed that the undersigned's Report and Recommendation on his dispositive motions was in error, his remedy was to file objections by January 15, 2024, not seek a re-do of pretrial motion practice that began two years ago.

---

[2] Which, incidentally, is also when any notice of a public authority defense was required. (Order on Fifth Mot. for Continuance of the Mot. Filing Date & Mot. Hr'g, Dkt. No. 59); Fed. R. Crim. P. 12.3(a)(1).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Mr. Kaeding's Motion to Reopen Motion Hearing (Dkt. No. 181) is **DENIED**.

Date: February 6, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge